IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MONTY JONES,

                                OPINION AND ORDER

                 Petitioner,

                                   09-cv-149-bbc

      v.

STATE OF WISCONSIN DIVISION OF
UNEMPLOYMENT INSURANCE and
MELISSA MONTEY,

                 Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       This is a proposed civil rights action brought by pro se litigant Monty Jones, who alleges that 1) respondents Wisconsin Division of Unemployment Insurance and Melissa Montey discriminated against him because of his race in processing his 2007 claim for unemployment benefits and 2) respondent Wisconsin Division of Unemployment Insurance failed to hire him as an employee because of his race. He seeks leave to proceed without prepayment of fees and costs or providing security for such fees and costs, pursuant to 28 U.S.C. § 1915. Petitioner has supported his request with an affidavit of indigency. From the affidavit, I conclude that petitioner is unable to prepay the fees and costs of instituting this lawsuit.

1

The next step is determining whether petitioner's proposed action is frivolous or malicious, fails to state a claim on which relief may be granted or seeks money damages from a respondent who is immune from such relief. 28 U.S.C. § 1915(e)(2). In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously. Haines v. Kerner, 404 U.S. 519, 521 (1972). Having reviewed the complaint, I conclude that petitioner may not proceed at this time because his complaint does not comply with Fed. Rs. Civ. P. 8 and 20. Accordingly, I will reserve ruling on the merits of his complaint until he remedies these violations.

DISCUSSION

A. Rule 20

Rule 20 prohibits a petitioner from asserting unrelated claims against different respondents or sets of respondents in the same lawsuit. Multiple respondents may not be joined in a single action unless the petitioner asserts at least one claim to relief against each respondent that arises out of the same transaction or occurrence or series of transactions or occurrences and presents questions of law or fact common to all. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); 3A Moore's Federal Practice § 20.06, at 2036-2045 (2d ed.1978).

Although Fed. R. Civ. P. 18 allows a party to join unrelated claims against respondents in a suit, this rule applies only after the requirements for joinder of parties have

2

been satisfied under Rule 20. Intercon Research Association, Ltd. v. Dresser Industries, Inc., 696 F.2d 53, 57 (7th Cir. 1983) (quoting 7 Charles Alan Wright et al., Federal Practice & Procedure). This means that the core set of allowable respondents must be determined under Rule 20 before a petitioner may join additional unrelated claims against one or more of those respondents under Rule 18. In addition, under Rule 18, a party cannot join claims involving any respondent outside the group identified under Rule 20.

For example, a petitioner could have one lawsuit for breach of contract against respondents Smith, Jones, Wilson and Garcia and an unrelated lawsuit for personal injury against respondents Smith, Jones and Brown. If the petitioner wanted to proceed with both claims in the same lawsuit under Rules 18 and 20, he would have to dismiss Wilson and Garcia from the first lawsuit or he would have to dismiss Brown from the second lawsuit. In this way, the same "core" of respondents (Smith and Jones) is common to both claims.

In this case, petitioner appears to be raising claims that belong in two different lawsuits:

> Lawsuit #1: A 42 U.S.C. § 1981 claim and a Fourteenth Amendment equal protection clause claim brought pursuant to 42 U.S.C. § 1983 that respondents State of Wisconsin Division of Unemployment Insurance and Melissa Montey discriminated against him because of his race in processing his 2007 claim for unemployment benefits.
>
> Lawsuit #2: A claim against respondent State of Wisconsin Division of Unemployment Insurance under Title VII of the Civil Rights Act for failing to

3

>hire him because of his race and retaliating against him when he filed a complaint with the EEOC.

Under George, I may consider only one of these lawsuits in the current case. Petitioner will have to choose which lawsuit that is. That lawsuit will be the only lawsuit assigned to this case number. Petitioner may choose to 1) pursue his other lawsuit in a separate case, which would be assigned a new case number, 2) combine his two lawsuits and dismiss the respondent who prevents him from complying with Rule 20 or 3) voluntarily dismiss one of his lawsuits. Because petitioner has been found indigent, he will not have to prepay the filing fee for a second lawsuit. Once petitioner identifies the suit(s) he wants to continue to litigate, I will screen the individual actions that remain, as required under § 1915(e)(2).

### B. Rule 8

Petitioner's complaint does not meet the requirements of Fed. R. Civ. P. 8. In particular, Rule 8(a)(3) requires that a complaint contain "demand for judgment for the relief the pleader seeks." As relief, petitioner requests only that the court "please file a lawsuit against the Wisconsin UI Department on racial discrimination. I will prove my case." This is not sufficient to meet the requirements of Rule 8. Petitioner must specify what relief he wishes to obtain from his lawsuit, such as a particular amount of money damages or an injunction of one sort or another.

4

C.  Other Concerns

Because petitioner will incur a separate filing fee for any additional lawsuit that he chooses to bring, he should be aware of a few things with respect to his proposed claims. First, it is a precondition to a Title VII suit that petitioner exhaust his administrative remedies with the EEOC and obtain a right-to-sue letter.  Although petitioner alleges that he filed an EEOC complaint, he states that no investigation occurred, implying that he has not received a right-to-sue letter.  Therefore, before petitioner will be allowed to proceed with a Title VII claim against the Division of Unemployment Insurance, he will have to establish that he has such a letter.

Second, although petitioner may seek injunctive and declaratory relief against a state agency under §§ 1981 and 1983, he cannot bring a claim for monetary damages against the state under those statutes.  Williams v. Wisconsin, 336 F.3d 576, 580 (7th Cir. 2003) ("a state is not a 'person' subject to a damages action under § 1983"); Rucker v. Higher Educational Aids Board, 669 F.2d 1179, 1184 (7th Cir. 1982) (holding that states are entitled to sovereign immunity for § 1981 claims).  Petitioner may seek money damages against a state agency under Title VII because Congress has abrogated state sovereign immunity with respect to Title VII.  Nanda v. Board of Trustees of the University of Illinois, 303 F.3d 817, 830-31 (7th Cir. 2002).

5

In sum, because petitioner's complaint does not conform to the requirements of Rule 8 and Rule 20, he may have until April 14, 2009, within which to decide which of the two lawsuits he wishes to pursue and submit a proposed amended complaint with a proper request for relief. If petitioner files a proposed amended complaint that complies with Rule 8 but has continuing Rule 20 violations, I will sever the separate claims into separate lawsuits. If petitioner fails to respond by April 14, 2009, I will close this case.

ORDER

IT IS ORDERED that:

1. Petitioner Monty Jones's complaint is DISMISSED because it is in violation of Fed. Rs. Civ. P. 8 and 20.

2. Petitioner may have until April 14, 2009, in which to submit a proposed amended complaint that conforms to the requirements of these rules. If, by April 14, 2009, petitioner fails to respond to this order, the clerk of court is directed to close this case for petitioner's failure to prosecute.

3. If, by April 14, 2009, petitioner submits a revised complaint as required by this order, I will take that complaint under advisement for a determination whether petitioner may proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

Entered this 25th day of March, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

7