IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MONTY JONES,

                                                                                   ORDER

            Petitioner,

                                                                        09-cv-149-bbc

    v.

STATE OF WISCONSIN DIVISION OF
UNEMPLOYMENT INSURANCE,

           Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In this pro se civil rights action, petitioner Monty Jones alleges that respondent State of Wisconsin Division of Unemployment Insurance discriminated against him because of his race in processing his claims for unemployment benefits, failed to hire him because of his race and retaliated against him when he filed a complaint with the EEOC.  Petitioner has revised his complaint twice in an attempt to correct violations of Fed. R. Civ. P. 8 and 20. Dkt. ##4 and 6.  Now before the court is petitioner's second proposed amended complaint. Dkt. #6.

      In an order entered on April 16, 2009, I told petitioner that although he had corrected his Rule 20 problem by dismissing Melissa Montey as a respondent, his proposed

1

amended complaint did not set forth all of his claims or include all of the factual and legal allegations on which he sought to rely.  Dkt. #5.  In response, petitioner filed a second proposed amended complaint in which he states that respondent based its determination of eligibility for unemployment benefits on his race and violated Title VII. Dkt. #6. Although it is clear what claims petitioner wants to bring, he again failed to include all of the relevant facts supporting these claims in one document.

For example, in his initial proposed complaint, petitioner explains in detail how 1) he was denied employment with respondent because he failed a test that he thought was biased against African American applicants, 2) he filed a claim with the Equal Employment Opportunities Commission and 3) respondent retaliated against him for filing that complaint by sending the police to his home and assessing him with an overpayment.  Dkt. #1.  However, when he amended his complaint the first time, petitioner failed to include these facts and only briefly stated that he filed an EEOC complaint.  Dkt. #4.  He also did not repeat the factual allegations made in his initial complaint about what happened with respect to his denial of benefits.  In his latest complaint, dkt. #6, petitioner adequately explains the denial of benefits but fails to describe the events leading up to his being denied employment or respondent's alleged retaliation against him.

As I explained in the April 16 order, respondent will be served with only one complaint.  Therefore, that complaint must clearly describe all of the alleged wrongdoing in

2

detail. The court cannot piece together three complaints for respondent. Petitioner must combine all the facts stated in each of his proposed complaints to make one complete complaint to serve on respondent. I will give him one final opportunity to do so.

To assist petitioner, I am attaching copies of each of his proposed complaints to this order. With respect to both the alleged denial of benefits and failure to hire, petitioner should take care to explain when each incident occurred, what happened (including what events lead up to the incident and who was involved) and why he believes that respondent violated the law. If petitioner includes all of the information from each of his past proposed complaints in one new proposed complaint, he should satisfy Rule 8. If petitioner again fails to follow the court's instructions and the complaint does not comply with Rule 8, the court will dismiss any unsupported claims after screening the complaint under 28 U.S.C. § 1915(e)(2), even if support for those claims was included in petitioner's previously filed complaints. I will give petitioner until May 29, 2009 in which to submit a third proposed amended complaint in accordance with this order.

ORDER

IT IS ORDERED that petitioner Monty Jones has until May 29, 2009, in which to submit a third proposed amended complaint in accordance with this order. If, by May 29,

3

2009, petitioner fails to respond to this order, the clerk of court is directed to close this case for petitioner's failure to prosecute.

Entered this 13th day of May, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

4