IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MONTY JONES,

                                        OPINION AND ORDER

              Plaintiff,

                                        09-cv-149-bbc

     v.

STATE OF WISCONSIN DIVISION OF
UNEMPLOYMENT INSURANCE,

             Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On July 2, 2009, I granted plaintiff Monty Jones leave to proceed in forma pauperis on his claim that defendant State of Wisconsin Division of Unemployment Insurance denied him employment in violation of Title VII of the Civil Rights Act. Dkt. #9. Now before the court is defendant's motion to dismiss the complaint under Fed. R. Civ. 12(b)(6) on the ground that plaintiff has failed to name a proper defendant under Title VII. Dkt. #15.

Defendant correctly points out that the Court of Appeals for the Seventh Circuit has held that a plaintiff suing s state government under Title VII must name the "particular agency or part of the state apparatus that has actual hiring and firing responsibility." Hearne v. Board of Education of City of Chicago, 185 F.3d 770, 777 (7th Cir. 1999). Defendant

1

contends that plaintiff has not met this requirement because the Division of Unemployment Insurance is not a stand-alone agency under Wisconsin law. Although defendant is correct, this is a curable technical error that has not resulted in any prejudice to defendant. The Attorney General's office accepted service of the complaint on behalf of defendant and filed an answer to the complaint. Therefore, dismissal of the complaint is unnecessary.

A review of Wis. Stat. Ch. 108 shows that the Department of Workforce Development administers the unemployment insurance program for the state. The Division of Unemployment Insurance is within that department. I will give plaintiff an opportunity to amend his complaint to identify the State of Wisconsin Department of Workforce Development as the defendant in this case. The second amended complaint should look exactly like the first amended complaint, except that plaintiff should highlight any changes in the caption and factual allegations that he makes to identify the proper defendant.

ORDER

IT IS ORDERED that defendant State of Wisconsin Division of Unemployment Insurance's motion to dismiss for failure to name a proper party is DENIED. Plaintiff Monty Jones has until November 9, 2009 within which to submit a proposed amended

complaint naming the State of Wisconsin Department of Workforce Development as the defendant in this case.

Entered this 23rd day of October, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

3