IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MONTY JONES,

                                                     ORDER

              Plaintiff,

                                                  09-cv-149-bbc

      v.

STATE OF WISCONSIN DEPARTMENT
OF WORKFORCE DEVELOPMENT,

              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In this civil action brought pursuant to Title VII of the Civil Rights Act of 1964, pro se plaintiff Monty Jones has made several attempts to amend his proposed complaint to comply with the requirements of Fed. R. Civ. P. 8. On January 14, 2010, I granted him leave to proceed <u>in forma pauperis</u> on his fourth amended complaint, dkt. #23. Now before the court is a motion filed by defendant State of Wisconsin Department of Workforce Development to dismiss the fourth amended complaint under Fed. R. Civ. 12(b)(6) on the ground that plaintiff has failed to repeat key facts contained in his previous proposed amended complaints, namely his race, the injury he suffered and the relief he seeks. Dkt. #26. Plaintiff failed to respond to the motion by March 4, 2010, the response deadline set

1

by the court. However, on March 22, 2010, plaintiff submitted what appears to be a supplement to his fourth amended complaint. Dkt. #33.

Defendant correctly points out that in the fourth amended complaint, plaintiff does not specify his race (African American), how he was injured by the allegedly biased employment examination or what type of relief he seeks. Although this information is required by Rule 8 to allow defendant to answer the complaint, I am denying defendant's motion to dismiss. It is obvious that plaintiff has had difficulty understanding what specific factual allegations must be contained in his complaint in order to state a claim. However, defendant is well aware of the allegations against it. All of this information was found in plaintiff's previous proposed complaints. In fact, defendant answered plaintiff's third amended complaint, which identifies plaintiff as non-white and states the relief he seeks, before later filing a motion to dismiss on the ground that plaintiff had not named the proper state governmental unit as a defendant. It was only after plaintiff amended his complaint a fourth time that defendant identified the missing facts. Further, even without knowing the allegations contained in the previous complaints, it is reasonable to infer from the allegations in the fourth amended complaint that plaintiff was not hired by defendant because he failed an employment exam that was allegedly biased against a protected class of which he is a member.

In any event, plaintiff makes clear in his latest filing that he is African American, that he was not hired because he failed the employment examination and that he seeks $500,000 in compensatory and punitive damages. Because defendant previously was made aware of this information and it can be inferred from the allegations in the fourth amended complaint, I will deny defendant's motion to dismiss and construe plaintiff's latest filing as a supplement to the fourth amended complaint. Defendant must answer the fourth amended complaint and supplement within 10 days of the date of this order pursuant to Fed. R. Civ. P. 12(a)(4).

ORDER

IT IS ORDERED that:

1. Defendant State of Wisconsin Department of Workforce Development's Rule 12(b)(6) motion to dismiss the fourth amended complaint, dkt. #26, is DENIED.

2. Plaintiff Monty Jones's response to the motion to dismiss, dkt. #33, will be construed as a supplement to his fourth amended complaint, dkt. #23.

3. Defendant must answer the fourth amended complaint and supplement within 10 days of the date of this order pursuant to Fed. R. Civ. P. 12(a)(4).

Entered this 25th day of March, 2010.

                BY THE COURT:

                /s/

                _____
                BARBARA B. CRABB
                District Judge